IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PATRICK HAYNES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-221 (MTT) |
| NELNET SERVICING, LLC, | ) ) ) |
| Defendant. | ) ) |

### ORDER

Pro se Plaintiff Patrick Haynes filed this action and contemporaneously moved for leave to proceed *in forma pauperis* ("IFP"). Docs. 1; 2. On May 27, 2025, the Court determined that Haynes was not unable to afford the filing fees associated with bringing an action in federal court, denied Haynes's motion to proceed IFP, and ordered Haynes to pay the $405.00 filing fee by June 10, 2025, to proceed with this case. Doc. 3. Haynes has since filed a motion for reconsideration of the denial of his motion to proceed IFP (Doc. 4), a second motion to proceed IFP (Doc. 5), and an amended complaint against Nelnet Servicing, LLC (Doc. 6). For the following reasons, those motions (Docs. 4; 5) are **GRANTED** and it is hereby **ORDERED** that service be made on the defendant by the United States Marshal Service.

### I. DISCUSSION[1]

---

[1] Motions to proceed IFP are governed by 28 U.S.C. § 1915(a). Section 1915(a) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

**A. Financial Status**

When considering a motion to proceed IFP filed under 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Where a Plaintiff demonstrates economic eligibility to file IFP, the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*. To show poverty, the plaintiff need not show that she is "absolutely destitute." *Martinez*, 364 F.3d at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). The district court is given wide discretion to decide IFP cases and should "grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

On May 27, 2025, the Court denied Hayne's motion to proceed IFP because his average monthly income within the past twelve months was more than enough to cover his estimated monthly expenses totaling $1,500 and after paying these costs, Haynes appeared to have $1,200 left each month that was not allocated toward paying bills or covering basic living expenses. Doc. 3.

---

28 U.S.C. § 1915(a). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

However, Haynes now claims that "[t]he Court's prior denial appears to be based on an estimated monthly income that no longer reflects the Plaintiff's actual financial condition."  Doc. 4 at 1.  Haynes' current financial affidavit states that his last paycheck was less than $250 and he currently has no income.  Docs. 4 at 1; 5.  Accordingly, based on this new information, the Court finds that Haynes is unable to afford the filing fees associated with bringing an action in federal court, and Haynes's motion for reconsideration (Doc. 4) and his second motion to proceed IFP (Doc. 5) are **GRANTED**.

**B. Frivolity Review**

Along with granting Haynes IFP status, the Court must review and dismiss his amended complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2]  *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*." In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

Haynes alleges he was employed by Defendant Nelnet Servicing, LLC and that he witnessed and reported violations related to federal student loan servicing, including: unauthorized use of borrower income data; suppression of consumer complaints; and failure to notify borrowers of changes to Income-Driven Repayment ("IDR") plans.  Doc. 6 at 4.  Haynes also alleges that he submitted a request for reasonable accommodation under the Americans with Disabilities Act ("ADA") supported by documentation from a licensed physician but instead of processing the accommodation, his supervisor seemingly refused to engage in the interactive process and a Human Resources agent delayed required paperwork, denied access to benefits, and retaliated following his internal reports and external disclosures of alleged misconduct.  *Id*.; *see* Doc. 6-11.  Haynes further alleges he filed formal disclosures with both the Occupational Safety and Health Administration ("OSHA") and the Equal Employment Opportunity Commission ("EEOC"), and subsequently experienced retaliatory actions by Defendant, including denial of earned time off ("ETO"), denial of short-term disability benefits, misclassification of a workers' compensation claim related to work-induced mental stress, removal from internal systems, and obstruction of access to Human Resources.  Doc. 6 at 4.  Haynes alleges that these actions constitute retaliation in violation of the ADA, as well as unlawful whistleblower retaliation under the National Defense Authorization Act ("NDAA") and OSHA regulations.  *Id.*  For the purpose of screening, these allegations along with attachments to Haynes' amended complaint (e.g., Doc. 6-11) are sufficient to state a claim against Defendant Nelnet Servicing, LLC.[3]

---

[3] *But see Fuerst v. Hous. Auth. of City of Atlanta, Ga*., 38 F.4th 860, 873 (11th Cir. 2022) (holding whistleblower protection under NDAA is limited to disclosures about particularly egregious conduct, not run-of-the-mill policy disputes between managers and employees); *see also Wooten v. La Salle Corr*., 748 F. Supp. 3d 1363, 1379 (M.D. Ga. 2024).

## II. CONCLUSION

For the foregoing reasons, Haynes's motion for reconsideration (Doc. 4) and his second motion to proceed IFP (Doc. 5) are **GRANTED**. Accordingly, after screening Haynes' amended complaint pursuant to 28 U.S.C. § 1915(e), it is **ORDERED** that service be made on the defendant by the United States Marshal Service.

Haynes is advised that he must serve upon opposing counsel (or the defendants if they are not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). Haynes shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to the defendants or their counsel. The Clerk of Court will not serve or forward to the defendants or their counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

Haynes is responsible for diligently prosecuting his complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. Haynes is required to keep the Clerk of Court advised of his current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

-6-

**SO ORDERED**, this 13th day of June, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
