# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| PATRICK HAYNES, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-221 (MTT) |
| NELNET SERVICING, LLC, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Nelnet Servicing, LLC's motion to dismiss Plaintiff Patrick Haynes's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under and for failure to exhaust administrative remedies. Doc. 14. In an effort to afford Haynes, who is proceeding *pro se*, adequate notice and time to respond to Nelnet's motion, the following notice is given. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). If Haynes wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the entry of this Order**.[1] If Haynes does not timely respond to the motion to dismiss, the Court may dismiss his claims against Nelnet. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Haynes may submit his argument to this Court by filing a brief in opposition to Nelnet's motion to dismiss. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M.D. Ga. L.R. 7.4.

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion to dismiss (Doc. 14) to Haynes at his last known address. Thereafter, all notices or other papers may be served on Haynes directly by mail at his last known address.

The Court evaluates a motion to dismiss for failure to state a claim and for failure to exhaust administrative remedies using the following standard:

*Motion to dismiss for failure to state a claim.*  The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up).  The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

*Motion to dismiss for failure to exhaust administrative remedies*.  According to Nelnet, the proper enforcement vehicle for Haynes' whistleblower retaliation claim is through the Occupational Safety and Health Administration ("OSHA"), as opposed to this Court.  Doc. 14-1 at 15.  Nelnet claims Hayes was required to file his whistleblower retaliation claims with OSHA first and then complete the administrative process before bringing a claim in court.  *Id.* at 15-16 (citing 29 C.F.R. §§ 24.103(c) and 24.105(a)-(b)).  The Eleventh Circuit has said in other contexts that "[e]xhaustion of administrative remedies [ordinarily] is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment."  *Basel v. Sec'y of Defense*, 507 F. App'x. 873, 874 (11th Cir. 2013) (citing *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008), which addresses exhaustion of remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e); *see also Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010) (extending *Bryant* to Title VII cases).  Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs.  However, if the defendant has alleged that the plaintiff's claims should be dismissed for failure to exhaust administrative remedies, "[t]he judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record."  *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 535 (11th Cir. 2014) (citing *Bryant*, 530 F.3d at 1376).  If the plaintiff is responding to a motion to dismiss for failure to exhaust, this is his opportunity to "develop the record." *Id*.  Thus, Haynes may provide the Court with affidavits and/or other documents showing that he has, in fact, exhausted available administrative remedies.

**SO ORDERED**, this 19th day of August, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT